IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DARON SCOTT, and
DUREYA SCOTT,

      Plaintiffs,

v.                                                                                                       No. CIV-09-797 JB/GBW

COUNTY OF DONA ANA, et al.,

      Defendants.

## ORDER GRANTING DEFENDANTS' MOTION TO STRIKE
## AND DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE SURREPLY

This matter is before the Court on County Defendants' Motion to Strike *(doc. 124)* and Plaintiffs' Amended Motion for Leave to File Surreply *(doc. 117)*. For the reasons given below, County Defendants' Motion to Strike is granted and Plaintiffs' Motion for Leave to File Surreply is denied.

Plaintiffs filed their first motion for leave to file a surreply as to County Defendants' motions to dismiss and for summary judgment (*see docs. 49, 106*) on September 24, 2010. *Doc. 115.* That motion was denied without prejudice due to Plaintiffs' failure to seek consent in the motion from opposing counsel as per Local Rule 7.1(a). *Doc. 116.* Plaintiffs had already been admonished to comply with the Local Rules and the Civil Rules of Procedure on numerous occasions. *See id.; see also docs. 101, 96, 88, 80, 75, 70, 65, 61.* Plaintiffs then filed their Amended Motion for Leave to File

Surreply (*doc. 117*), and that motion complied with Local Rule 7.1(a). Plaintiffs also immediately filed two "Appendix/Supplement[s]," which were comprised of the surreply(s) Plaintiffs sought leave to file plus affidavits from each Plaintiff speaking to facts that may have been relevant to the underlying dispositive motions but in no way addressed the facts or legal standard relevant to a motion for leave to file a surreply. *Docs. 118, 119*.

Local Rule 7.4(b) clearly states that the filing of a surreply requires leave of the Court. D.N.M.LR-Civ.7.4(b). Consequently, the Court struck the appendices *sua sponte* and noted that it would rule on the motion for leave once it was fully briefed. *Doc. 120.* County Defendants responded to the motion (*docs. 121, 122*), and Plaintiffs then replied (*doc. 123*). Plaintiffs' reply, however, is little more than a repackaging of the stricken surreply that Plaintiffs seek leave to file, and it even includes as "exhibits" the very same affidavits the Court previously struck. *See docs. 120, 123.* Not surprisingly, County Defendants promptly moved to strike the entirety of Plaintiffs' reply brief. *Doc. 124.* Plaintiffs then responded in opposition to County Defendants' Motion to Strike (*doc. 125*), and Defendants replied (*doc. 126*).

County Defendants' Motion to Strike (*doc. 124*)

County Defendants put forth several reasons in support of their Motion to Strike. *Doc. 124.* I find their arguments as to Plaintiffs' failure to comply with Court orders and the Local Rules dispositive of the issue and therefore do not address the remainder of

their grounds.

In my Order Striking Supplements to Motion for Leave (*doc. 120*), I reminded Plaintiffs of Local Rule 7.4(b), which requires parties to obtain leave of the Court prior to filing surreplies. *Doc. 120.* In addition to striking the attached surreply, I also struck the attached affidavits as they spoke to the issues in the underlying motion for summary judgment and not the legal argument of a motion for leave. *Id*. I also informed Plaintiffs that in the event I granted their motion for leave, they would need to file separate surreplies to each dispositive motion. *Id*.

Plaintiffs' response to the order, via their "reply" to the motion for leave, demonstrates a blatant disregard for Court orders and the Local Rules. Instead of focusing on how they have met the standard for a motion for leave to file a surreply, Plaintiffs effectively cut and paste their stricken surreply directly into the body of their reply to the motion for leave. This action not only rendered their reply off-point but also flouted Local Rule 7.4(a), a Court order to comply with the Local Rules, and a Court direction that a consolidated surreply would not be accepted. They even reattached the stricken affidavits, fully unchanged, without any attempt at argument as to how those affidavits bear on the relevant issue: whether the legal standard for a motion for leave to file a surreply had been met.

A number of my colleagues in other districts have noted the propriety of striking motion practice when it fails to comply with local rules. *See e.g. McDougal v. G & S*

*Tobacco Dealers, L.L.C.*, 712 F.Supp.2d 488, 501 (N.D.W.Va., 2010)(striking a reply for failure to comply with rules regarding timeliness and length); *Portman v. Andrews*, 249 F.R.D. 279, 282 (N.D.Ill., 2007)(striking a reply due to untimeliness); *U.S. v. Borkoski*, 154 F. Supp.2d 262, 265 (D.Conn., 2001)(striking a surreply for failure to seek leave and noncompliant formatting).

In his Response to the Motion to Strike, Plaintiffs' counsel expressed mixed feelings about following Court procedures. In his response to the Motion to Strike he says that he "takes the proper compliance with the rules very seriously." *Doc. 125* at 4. In the same paragraph, however, he characterized the Court's past attempts at shepherding him through the Local and Civil Rules as his being "admonished for minutiae." *Id.* at 5. The Court assures counsel that it does not view adherence to procedure as "minutiae." In fact, counsel is cautioned that, regardless of his opinion of the importance of the Rules, this Court "is a strong believer that the rules of the Court exist to create order out of chaos. Therefore, it is imperative that those rules be followed." *McDougal,* 712 F. Supp. 2d at 501. Thus, I grant County Defendants' Motion to Strike due to failure of Plaintiffs to comply with Court orders and the Local Rules.

<u>Plaintiffs' Amended Motion for Leave to File Surreply</u> (*doc. 117*)

A motion for leave to file a surreply should be granted where the nonmoving party, in a reply brief, presents legal arguments or evidence not proffered in the original motion. *See Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005). As best the Court

can discern, in their motion for leave, Plaintiffs assert that Defendants presented the following new points in their reply briefs:[1] (1) that the "Amended Complaint does not set forth admissible evidence to contradict fact;" (2) that the case *"State of New Mexico v. Daron Scott and Dureya Scott*, no. 29,417" is not admissible to prove that Defendants lacked a warrant or raided Duryea Scott's property prior to obtaining a warrant; (3) that Plaintiffs' recitation of facts are mere conclusory allegations; and (4) that Plaintiffs admit that a search warrant had been issued and therefore the searches at issue were conducted pursuant to a warrant. *Doc. 117* at 2.

County Defendants deny that any new material was presented in either reply brief and argue that Plaintiffs simply seek to bolster their responses with evidence and arguments they should have presented earlier, rather than to respond to any new legal theories or evidence. *Doc. 122.*

From a review of the County Defendants' Motions and their Replies, I find that County Defendants have raised no new material in their Replies. Notwithstanding Plaintiffs' contentions regarding newly raised points, the Replies by County Defendants either reiterate the arguments presented in their Motions or they state basic tenets of the relevant pleading standards.

County Defendants' Reply for their Motion to Dismiss (*doc. 113*) presents no new

---

[1] Plaintiffs did not bother to specify whether the allegedly new material was contained in the reply brief for Defendants' Motion to Dismiss (*docs. 106, 113*) or Defendants' Motion for Summary Judgment (*docs. 49, 111*).

material. The bulk of the four-page reply reiterates the pleading standards relevant to a motion to dismiss and asserts, as in the motion, that Plaintiffs have not met that standard. *Doc. 113.* Plaintiffs, thus, have no grounds to seek leave to file a surreply to that Motion, and I deny their request.

County Defendants' Reply for their Motion for Summary Judgment (*doc. 111*) also presents no new material. The four-page reply repeats the mantra of their motion: that the raids were performed pursuant to a facially valid warrant. *Doc. 111.* While Plaintiffs' rejection of that premise may speak to the issue of summary judgment, it does not constitute grounds for leave to file a surreply. The rest of Defendants' reply is devoted to reciting the standard for a motion for summary judgment and arguing that Plaintiffs failed to meet their burden. *Id.* Defendants' general assertion in their Reply that Plaintiffs failed to meet that standard certainly presents no new evidence or legal theories. Plaintiffs, thus, have no grounds to seek leave to file a surreply, and I deny their request.

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE