**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

DARON SCOTT, and
DUREYA SCOTT,

       Plaintiffs,

v.                                                                      No. CIV-09-797 JB/GBW

COUNTY OF DONA ANA, et al.,

       Defendants.


## REPORT AND RECOMMENDATION

       This matter is before the Court on Plaintiffs' Response to the Court's Order to
Show Cause.  *Doc. 131.*  On January 12, 2011, the Court ordered Plaintiffs to show cause
why Defendants Darren White, City of Las Cruces, Animal Cruelty Task Force of New
Mexico, Inc., and Animal Protection of New Mexico, Inc., should not be dismissed due
to Plaintiffs' failure to serve them within the prescribed 120 days.  *See doc. 130*; Fed. R.
Civ. P. 4(m).  Plaintiffs filed their Amended Complaint on August 5, 2010, and all four
of the above Defendants were newly named in the suit as of that filing.  *See doc. 105.*
The deadline for service under Rule 4(m) expired December 6, 2010, and, to date,
Plaintiffs have not served any of the new Defendants.  For the reasons given below, I
recommend dismissing all four Defendants from the suit without prejudice.

1

<u>L<span>EGAL</span> S<span>TANDARD</span></u>

Upon filing an amended complaint that includes new defendants, a plaintiff has 120 days to serve those new defendants.  *See Bolden v. City of Topeka, Kansas*, 441 F.3d 1129, 1148 (10th Cir. 2006).  If a plaintiff does not meet that deadline, courts must give them the opportunity to show good cause for their failure to serve before dismissing the claims as to those defendants.  Fed. R. Civ. P. 4(m);  *Sanders v. Southwestern Bell Telephone, L.P.*, 544 F.3d 1101, 1111 (10th Cir. 2008).  However, it is difficult for plaintiffs to demonstrate good cause:

> The "good cause" standard, as interpreted by the courts, is quite restrictive.  Inadvertence, negligence, ignorance of the service requirements, and reliance on a process server have all been determined not to constitute good cause.  *See Broitman v. Kirkland*, 86 F.3d 172, 174 (10th Cir. 1996); *Cox v. Sandia Corp.*, 941 F.2d 1124, 1125-26 (10th Cir. 1991).  Similarly, the fact that a defendant may have had actual notice of the suit, and has suffered no prejudice, does not constitute good cause. *See Despain*, 13 F.3d at 1438-39.

*Lopez v. U.S.*, 129 F. Supp. 2d 1284, 1295 (D.N.M. 2000).  If good cause does exist, plaintiffs must be given an extension of time in which to serve the new defendants.  *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995).  If good cause does not exist, "the district court must still consider whether a permissive extension of time may be warranted."  *Id.*

"[S]everal factors should guide the district court" in determining whether a permissive extension is appropriate.  *Id.* at 842.  These factors include: "(1) whether the

2

applicable statute of limitations has expired; (2) whether the plaintiff is faced with the

complex requirements of multiple service; and (3) whether the plaintiff's delay was

related to *pro se* representation." *Thunder Mountain Custom Cycles, Inc. v. Thiessen*, 2008

WL 618898, *6 (D. Colo. Mar. 5, 2008). Courts have also considered whether the

defendant has been prejudiced by the delay of service. *See Smyers v. County of Atchison,*

*Kansas,* 2008 WL 4822062, *1 (D. Kan. Nov. 4, 2008). The advisory committee notes to

the 1993 amendment to Rule 4(m) also suggest some factors. *See Riddle v. Wichita Public*

*Schools*, 2005 WL 1563444, *4 (D. Kan. June 30, 2005) (using advisory committee notes for

examples of "good cause"). For instance, the relevant advisory note points out that

"[r]elief may be justified, for example, . . . if the defendant is evading service or conceals

a defect in attempted service." Fed. R. Civ. P. 4(m) advisory committee's note (1993).

The advisory note also concludes that "good cause" exists "if necessary to correct

oversights in compliance with the requirements of multiple service in actions against

the United States or its officers, agencies, and corporations." *Id*. Finally, the note

encourages courts to "take care to protect *pro se* plaintiffs form the consequences of

confusion or delay attending the resolution of an *in forma pauperis* petition." *Id*.

## ANALYSIS AS TO DEFENDANTS ANIMAL CRUELTY TASK FORCE OF NM, INC. AND ANIMAL PROTECTION OF NM, INC.

In their Response, Plaintiffs have not contended that "good cause" exists to

excuse their failure to serve these two Defendants. *Doc. 131*. In fact, Plaintiffs advised

the Court that they no longer wish to sue listed Defendants Animal Cruelty Task Force

of New Mexico, Inc. and Animal Protection of New Mexico, Inc.  *Id.*  Given the Plaintiffs

lack of interest in continuing against these Defendants, there is no reason for a

permissive extension of time.  Therefore, I recommend dismissing Defendants Animal

Cruelty Task Force of New Mexico, Inc. and Animal Protection of New Mexico, Inc.

without prejudice due to the failure to timely serve them.

<u>ANALYSIS AS TO DEFENDANT CITY OF LAS CRUCES</u>

The only explanation Plaintiffs provide for their failure to serve the City reads as

follows: "Plaintiffs require discover in order to determine if any of the unknown officers

on their properties were City of Las Cruces employees, of which would then require the

City to be served."  *Doc. 131* [sic].  Apparently, Plaintiffs are arguing that service is not

required upon a municipal Defendant until discovery affirmatively links one of its

employees to the events that gave rise to the suit.  Plaintiffs provide no case law for

their position.  Certainly, the lack of such a connection may provide the basis of a

motion to dismiss were the City of Las Cruces to be properly served.  However, it

provides no excuse for naming it as a Defendant but not serving it as required under

Rule 4.[1]  Of course, counsel's mistake or ignorance of the rules does not constitute good

---

[1]  Obviously, given that the City of Las Cruces is an identified Defendant, this case does not involve a circumstance where additional discovery is required to obtain the identity of a "John Doe" defendant.  *Cf. Roper v. Grayson*, 81 F.3d 124, 126 (10th Cir.

cause for delayed service.  *See e.g. In re Kirkland*, 86 F.3d 172, 176 (10th Cir. 1996).

Similarly, I do not find that a permissive extension is warranted.  Plaintiffs are

not *pro se.*  The United States is not a party to this suit, and there is no complex

requirement of multiple service on the City of Las Cruces.  There is also no allegation

that the City has evaded service.  Moreover, the City may have been prejudiced by the

delay in service because it has likely lost the opportunity to join in its co-defendants'

motion to dismiss.  Therefore, none of these factors support the granting of a permissive

extension.

The factor resting on the question of whether the statute of limitation has run is

less clear.  The statute of limitations in a §1983 claim is determined by the state statute

of limitations for personal injury torts.  *See Wallace v. Kato*, 549 U.S. 384, 387 (2007);

*Mondragon v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008).  In New Mexico, the

relevant statute of limitations is three years.  N.M. Stat. Ann. § 37-1-8; *see also Salas v.*

*Mountain States Mut. Cas. Co.*, 143 N.M. 113, 120 (Ct. App. 2007); *Mondragon*, 519 F.3d at

1082.  The events that gave rise to Plaintiffs' complaint took place August 8th and 10th,

2007.  *Doc. 105.*  Thus, absent tolling, the statute of limitations would have run as of

August 10, 2010.  *See Salas*, 143 N.M. at 121.  Federal courts primarily look to state law to

---

1996) (dismissal may be appropriate when unnamed defendants remain unidentified
for a lengthy period of time).

determine tolling of the limitations period in § 1983 cases.  *Mondragon*, 519 F.3d at 1082.

In New Mexico, the timely filing of a complaint, even if service is significantly delayed,

generally tolls the limitations period.  *Salas*, 143 N.M. at 121.  Plaintiffs each filed a

complaint in state court on July 27th and 28th of 2009.  *See doc. 1* at exh. A; *see also doc. 1*

of 09cv0799-JB-GBW.  Those cases were removed to federal court and then consolidated

into the case presently before the Court.  *Id.*; *doc. 55*.  Consequently, it is possible that

plaintiffs have approximately another year remaining on the statute of limitation for

any claims against the City of Las Cruces.  However, the tolling of the limitations period

by filing a complaint in New Mexico does not continue indefinitely.  If a plaintiff fails to

use "reasonable diligence" in serving the complaint or wilfully delays service, the

statute of limitations will not be tolled.  *See Prieto v. Home Ed. Livelihood Program*, 94

N.M. 738, 741-42 (Ct. App. 1980).  Given the seven-month delay in serving the City of

Las Cruces, a court could find a lack of reasonable diligence such that the statute of

limitation would not have been tolled and would bar a future claim against the City.

Nonetheless, given that no other factors weigh in favor of a permissive extension

and Plaintiffs' concession that they have no evidence that "any of the unknown officers

on their properties were City of Las Cruces employees," I do not find that a permissive

extension is warranted.  Therefore, I recommend dismissing the City of Las Cruces

without prejudice due to failure to timely serve the City.

<u>ANALYSIS AS TO DEFENDANT DARREN WHITE</u>

Plaintiffs explain their failure to serve Mr. White as follows:

With regard to Darren White, as the former Bernalillo County Sheriff's Department employee, his department did not have jurisdiction to conduct a raid in Dona Ana County or El Paso County Texas, therefore, Darren White could be considered as a volunteer for the Dona Ana County Sheriff's Department, and therefore the Defendant Dona Ana County can be held responsible for the actions of Darren White during the raids, and does not need to be personally served.

*Doc. 131.* Instead of contending that good cause exists to excuse the failure to serve, Plaintiffs are apparently asserting that the service on Defendant Dona Ana County constituted service on Defendant Darren White, who worked for Bernalillo County. Plaintiffs provide no law for this assertion.

Darren White has been sued in his individual capacity.[2] *Doc. 105.* "When a plaintiff proceeds against an agent of the government in his or her individual capacity, the plaintiff must effect personal service on that agent . . . ." *Despain v. Salt Lake Area*

---

[2] Plaintiffs have also sued Darren White in his official capacity. "Official-capacity suits, in contrast, 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (*quoting Monell v. New York City Dep't. of Soc. Servs.* 436 U.S. 658, 690, n.55 (1978)). "An official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* at 166; *see also Hafer v. Melo*, 502 U.S. 21, 25-26 (1991). Given Plaintiffs' contention that Darren White was operating as an agent of Dona Ana County at the relevant times, their suit against him in his official capacity is a suit against Dona Ana County. Dona Ana County has been properly served and therefore the only claim at issue herein is the claim against Darren White in his individual capacity.

*Metro Gang Unit*, 13 F.3d 1436, 1438 (10th Cir. 1994); *see also Bartels v. Hecker* 46 F.3d

1150, *2 (10th Cir. January 23, 1995).  Service on the governmental employer does not

constitute service on the officer as an individual.  *Id.*  It is undisputed that Plaintiff did

not effect personal service[3] on Darren White.  Consequently, Plaintiffs have failed to

properly serve the individual capacity claim against Darren White.  They have provided

no good cause to excuse this failure.  The only cause arguably present is counsel's

mistake of law regarding proper service of a governmental employee sued in his

individual capacity.  Again, counsel's mistake of law does not constitute good cause for

an extension.  *See e.g. In re Kirkland*, 86 F.3d 172, 176 (10th Cir. 1996).

Moreover, I do not find that a permissive extension is warranted.  Plaintiffs are

not *pro se.*  The United States is not a party to this suit, and there is no complex

requirement of multiple service on Mr. White.  There is no allegation that the Mr. White

has evaded service.  Additionally, Mr. White may have been prejudiced by the delay in

service because he has likely lost the opportunity to join in his co-defendants' motion to

dismiss.  As with Defendant City of Las Cruces, it is possible that the statute of

limitations may bar a future claim against Defendant Darren White.  Nonetheless, given

that no other factors weigh in favor of a permissive extension and that a limitations bar

---

[3] In fact, Plaintiffs did not even serve Defendant Darren White's governmental
employer, Bernalillo County, and Plaintiffs provide no legal support for their
"volunteer" theory of service on Dona Ana County.

8

would be the direct result of Plaintiffs' lack of "reasonable diligence," I do not find that a permissive extension is warranted.  Therefore, I recommend dismissing Darren White without prejudice due to failure to timely serve him.

<u>CONCLUSION</u>

In summary, I recommend finding that Plaintiff has failed to serve Defendants Animal Cruelty Task Force of New Mexico, Inc., Animal Protection of New Mexico, Inc., City of Las Cruces and Darren White.  Further, I recommend finding that no good cause exists for these failures.  Finally, I recommend finding that a permissive extension is not warranted as to any of the Defendants.  Thus, I recommend dismissing all four defendants without prejudice.

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

---

_____
UNITED STATES MAGISTRATE JUDGE

9