IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DARON SCOTT, and DUREYA SCOTT,

       Plaintiffs,

v.                                                                    No. CIV 09-0797 JB/GBW

DONA ANA COUNTY COMMISSIONERS; DONA ANA COUNTY SHERIFF'S OFFICE; GARY KING; SUSAN RIEDEL, Individually, and in her Capacity as Assistant District Attorney; AMY ORLANDO, Individually, and in her Capacity as Assistant District Attorney; SUSANA MARTINEZ, Individually, and in her Capacity as District Attorney; CHUCK FRANCO, Undersherrif, Individually, and in his Capacity as Undersheriff; TODD GARRISON, Individually, and in his Capacity as Sheriff; MICHELLE UGALDE, Individually, and in her Capacity as Dano Animal Control Officer, S922; OFFICER FNU RUBIO, Individually and in his Official Capacity; FNU HERDIA, Officer, Individually, and in the capacity of Daso Officer, S573; JOE JACQUES, Individually, and in his Capacity as Daso Officer, S566; RICHARD SILVA, Magistrate Judge, Individually, and in his Capacity as Dona Ana County Magistrate Judge; OLIVIA NEVAREZ-GARCIA, Magistrate Judge, Individually, and in her Capacity as Dona Ana County Magistrate Judge; HEATHER FERGUSON, Individually and in her Official Capacity as an Employee of the Animal Protection of New Mexico, Inc.; DONA ANA COUNTY HUMANE SOCIETY; ALLEN DAVIS, Individually, and in his Capacity as Director of Dona Ana County Humane Society; DEANISE MARTA, Individually, and in her Capacity as Director of Dona Ana County Humane Society; RUSSELL WARD, Individually, and in his Capacity as Veterinary Technician; STEVE SCHMIDT, El Paso Police Department Detective, Individually and in his Capacity as El Paso Police Officer; GLORIA RAMOS, aka Gloria Mendez; GERALDO PEREZ; UNKNOWN EL PASO POLICE OFFICERS; UNKNOWN EL PASO ANIMAL CONTROL OFFICERS; UNKNOWN ANIMAL CONTROL OFFICERS; JOSEPH GUILLORY, Magistrate Judge, Individually and in his Capacity as Dona Ana County Magistrate Judge; ANIMAL PROTECTION OF NEW MEXICO, INC.; ANIMAL CRUELTY TASK FORCE OF NEW MEXICO; CITY OF LAS CRUCES; OFFICER DARREN WHITE; JOHN AND JANE DOE'S 1 THROUGH 13, Unknown Officers and City, County and State Employees; DONA ANA COUNTY, a local public body of the State of New Mexico; OFFICER ROBYN GOJKOVICH, Individually and in her Official Capacity; OFFICER LINDA MALDONADO, Individually and in her Official Capacity; OFFICER MARY LOU WARD, Individually and

in her Official Capacity; OFFICER PAUL RICHARDSON, Individually and in his Official Capacity; OFFICER CURTIS CHILDRESS, Individually and in his Official Capacity; OFFICER TRAVIS WELLS, Individually and in his Official Capacity a/k/a Travis Wells; OFFICER FNU PALMER, Individually and in his Official Capacity; and OFFICER MANNY HERNANDEZ, Individually and in his Official Capacity.

          Defendants.

## MEMORANDUM OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**THIS MATTER** comes before the Court on the Magistrate Judge's Report and Recommendation, filed February 18, 2011 (Doc. 132). The proposed findings notify the Plaintiffs of their ability to file objections and that failure to do so within the required time frame waives appellate review. See Report and Recommendation at 9. To date, the Plaintiffs have not filed any objections, and there is nothing in the record indicating that the proposed findings were not delivered.

## LAW REGARDING OBJECTIONS TO PROPOSED FINDINGS AND RECOMMENDATIONS

District courts may refer dispositive motions to a magistrate judge for a recommended disposition. See Fed. R. Civ. P. 72(b)(1) ("A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense . . . ."). Rule 72(b)(2) governs objections: "Within 10 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Finally, when resolving objections to a magistrate judge's proposal: "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with

instructions." Fed. R. Civ. P. 72(b)(3). Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C).

"'The filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute.'" United States v. One Parcel of Real Property, With Buildings, Appurtenances, Improvements, and Contents, Known as: 2121 East 30th Street, Tulsa, Oklahoma, 73 F.3d 1057, 1059 (10th Cir. 1996)("One Parcel")(quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)). As the United States Court of Appeals for the Tenth Circuit has noted, "the filing of objections advances the interests that underlie the Magistrate's Act, including judicial efficiency." One Parcel, 73 F.3d at 1059 (citing Niehaus v. Kansas Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir. 1986); United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

The Tenth Circuit held "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." One Parcel, 73 F.3d at 1060. "To further advance the policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, have adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.'" One Parcel, 73 F.3d at 1059 (citations omitted). In One Parcel, the Tenth Circuit, in accord with courts of appeals, expanded the waiver rule to cover objections that are timely but too general. See One Parcel, 73 F.3d at 1060. The Supreme Court of the United States -- in the course of approving the United

States Court of Appeals for the Sixth Circuit's use of the waiver rule -- has noted:

> It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings. The House and Senate Reports accompanying the 1976 amendments do not expressly consider what sort of review the district court should perform when no party objects to the magistrate's report. See S.Rep. No. 94-625, pp. 9-10 (1976) (hereafter Senate Report); H.R.Rep. No. 94-1609, p. 11 (1976), U.S. Code Cong. & Admin. News 1976, p. 6162 (hereafter House Report). There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate. Moreover, the Subcommittee that drafted and held hearings on the 1976 amendments had before it the guidelines of the Administrative Office of the United States Courts concerning the efficient use of magistrates. Those guidelines recommended to the district courts that "[w]here a magistrate makes a finding or ruling on a motion or an issue, his determination should become that of the district court, unless specific objection is filed within a reasonable time." See Jurisdiction of United States Magistrates, Hearings on S. 1283 before the Subcommittee on Improvements in Judicial Machinery of the Senate Committee on the Judiciary, 94th Cong., 1st Sess., 24 (1975) (emphasis added) (hereafter Senate Hearings). The Committee also heard Judge Metzner of the Southern District of New York, the chairman of a Judicial Conference Committee on the administration of the magistrate system, testify that he personally followed that practice. See id., at 11 ("If any objections come in, . . . I review [the record] and decide it. If no objections come in, I merely sign the magistrate's order"). The Judicial Conference of the United States, which supported the de novo standard of review eventually incorporated in § 636(b)(1)(C), opined that in most instances no party would object to the magistrate's recommendation, and the litigation would terminate with the judge's adoption of the magistrate's report. See Senate Hearings, at 35, 37. Congress apparently assumed, therefore, that any party who was dissatisfied for any reason with the magistrate's report would file objections, and those objections would trigger district court review. There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed. It did not preclude treating the failure to object as a procedural default, waiving the right to further consideration of any sort. We thus find nothing in the statute or the legislative history that convinces us that Congress intended to forbid a rule such as the one adopted by the Sixth Circuit.

Thomas v. Arn, 474 U.S. at 151-52 (footnotes omitted).

The Tenth Circuit also noted, "however, that '[t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate.'" One Parcel, 73 F.3d at 1060 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)("We join those circuits that have declined to

apply the waiver rule to a pro se litigant's failure to object when the magistrate's order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations." (citations omitted))). Cf. Thomas v. Arn, 474 U.S. at 154 (noting that, while "[a]ny party that desires plenary consideration by the Article III judge of any issue need only ask," a failure to object "does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard"). In One Parcel, the Tenth Circuit noted that the district judge had decided sua sponte to conduct a de-novo review despite the lack of specificity in the objections, but the Tenth Circuit held that it would deem the issues waived on appeal because it would advance the interests underlying the waiver rule. See 73 F.3d at 1060-61 (citing cases from other circuits where district court elected to address merits despite potential application of waiver rule, but circuit court opted to enforce waiver rule).

In addition to requiring specificity in objections, the Tenth Circuit has stated that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996). See United States v. Garfinkle, 261 F.3d 1030-31 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."). In an unpublished opinion, the Tenth Circuit stated that "the district court correctly held that [a petitioner] had waived [an] argument by failing to raise it before the magistrate." See Pevehouse v. Scibana, 229 F. App'x 795, 796 (10th Cir. 2007).

## ANALYSIS

Because neither party makes objections to the Report and Recommendation, they do not "preserve an issue for de novo review by the district court or for appellate review." One Parcel, 73 F.3d at 1060. While the Court might be -- on a clean slate and if it first decided the extension -- inclined to grant a permissive extension of time for the Plaintiffs to serve the City of Las Cruces and

Defendant Darren White, the Court cannot say that "the interests of justice so dictate." One Parcel, 73 F.3d at 1060 (citations and internal quotation marks omitted). See Wirsching v. Colorado, 360 F.3d 1191, 1197 (10th Cir. 2004)(finding ends of justice warranted considering pro se prisoner's objections, because his allegation that he did not receive the magistrate's report and recommendation was facially plausible, and issues of considerable import were involved); Hill v. Poppell, 37 F. App'x 384, 385 (10th Cir. 2002)(finding ends of justice warranted considering objections of pro se prisoner's who "did not object to the magistrate judge's report and recommendation because he did not receive a copy of it through the prison mail system"); Moore v. United States, 950 F.2d at 659 ("We join those circuits that have declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate's order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations." (citations omitted)).

The Court cannot say that the Magistrate Judge's denial of a permissive extension of time are clearly erroneous, arbitrary, contrary to law, or an abuse of discretion; the Court might just have been more liberal to the Plaintiffs and exercised its discretion differently. That inclination does not justify failing to enforce the waiver rule, i.e., justice does not dictate a different result. The Plaintiffs are represented, and there is nothing in the record indicating that the Report and Recommendation was not delivered. The Report and Recommendation apprised the Plaintiffs of the consequences of their failure to object to the findings and recommendations, stating:

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

Report and Recommendation at 9 (emphasis in original). The Court will not, therefore, sua sponte

review the Magistrate Judge's Report and Recommendation because the "the interests of justice so dictate." One Parcel, 73 F.3d at 1060 (citations and internal quotation marks omitted). The Court thus adopts the Report and Recommendation.

**IT IS ORDERED** that the Magistrate Judge's Report and Recommendation, filed February 18, 2011 (Doc. 132), is adopted, and Defendants Darren White, City of Las Cruces, Animal Cruelty Task Force of New Mexico, Inc., and Animal Protection of New Mexico, Inc. are dismissed from this case without prejudice.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Augustine M. Rodriguez , Jr
Albuquerque, New Mexico

    *Attorney for the Plaintiffs*

Matthew P. Holt
Damian L. Martinez
Holt Babington Mynatt P.C.

    *Attorneys for the Plaintiffs Dona Ana County Commissioners; Dona Ana County Sheriff's Office, Chuck Franco, Todd Garrison, Michelle Ugalde, Officer Fnu Rubio, Fnu Herdia, Joe Jacques, Heather Ferguson, Unknown Animal Control Officers, Dona Ana County, Officer Robyn Gojkovich, Officer Linda Maldonado, Officer Mary Lou Ward, Officer Paul Richardson, Officer Curtis Childress, Officer Travis Wells, Officer Fnu Palmer, and Officer Manny Hernandez*

Sean Olivas
Keleher & McLeod PA
Albuquerque, New Mexico

    *Attorneys for Gary King, Susan Riedel, Amy Orlando, Susana Martinez, Richard Silva, Olivia Nevarez-garcia, and Joseph Guillory*

Duane A. Baker
El Paso, Texas

-- and --

Mario A. Esparza
Las Cruces, New Mexico

*Attorneys for Defendant Steve Schmidt*