**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

DARON SCOTT, and DUREYA SCOTT,

    Plaintiffs,

v.                                                                                              No. CIV 09-0797 JB/GBW

DONA ANA COUNTY COMMISSIONERS; DONA ANA COUNTY SHERIFF'S OFFICE; GARY KING; SUSAN RIEDEL, Individually, and in her Capacity as Assistant District Attorney; AMY ORLANDO, Individually, and in her Capacity as Assistant District Attorney; SUSANA MARTINEZ, Individually, and in her Capacity as District Attorney; CHUCK FRANCO, Undersheriff, Individually, and in his Capacity as Undersheriff; TODD GARRISON, Individually, and in his Capacity as Sheriff; MICHELLE UGALDE, Individually, and in her Capacity as Dano Animal Control Officer, S922; OFFICER FNU RUBIO, Individually and in his Official Capacity; FNU HERDIA, Officer, Individually, and in the capacity of Daso Officer, S573; JOE JACQUES, Individually, and in his Capacity as Daso Officer, S566; RICHARD SILVA, Magistrate Judge, Individually, and in his Capacity as Dona Ana County Magistrate Judge; OLIVIA NEVAREZ-GARCIA, Magistrate Judge, Individually, and in her Capacity as Dona Ana County Magistrate Judge; HEATHER FERGUSON, Individually and in her Official Capacity as an Employee of the Animal Protection of New Mexico, Inc.; DONA ANA COUNTY HUMANE SOCIETY; ALLEN DAVIS, Individually, and in his Capacity as Director of Dona Ana County Humane Society; DEANISE MARTA, Individually, and in her Capacity as Director of Dona Ana County Humane Society; RUSSELL WARD, Individually, and in his Capacity as Veterinary Technician; STEVE SCHMIDT, El Paso Police Department Detective, Individually and in his Capacity as El Paso Police Officer; GLORIA RAMOS, aka Gloria Mendez; GERALDO PEREZ; UNKNOWN EL PASO POLICE OFFICERS; UNKNOWN EL PASO ANIMAL CONTROL OFFICERS; UNKNOWN ANIMAL CONTROL OFFICERS; JOSEPH GUILLORY, Magistrate Judge, Individually and in his Capacity as Dona Ana County Magistrate Judge; ANIMAL PROTECTION OF NEW MEXICO, INC.; ANIMAL CRUELTY TASK FORCE OF NEW MEXICO; CITY OF LAS CRUCES; OFFICER DARREN WHITE; JOHN AND JANE DOE'S 1 THROUGH 13, Unknown Officers and City, County and State Employees; DONA ANA COUNTY, a local public body of the State of New Mexico;

OFFICER ROBYN GOJKOVICH, Individually and in her Official Capacity; OFFICER LINDA MALDONADO, Individually and in her Official Capacity; OFFICER MARY LOU WARD, Individually and in her Official Capacity; OFFICER PAUL RICHARDSON, Individually and in his Official Capacity; OFFICER CURTIS CHILDRESS, Individually and in his Official Capacity; OFFICER TRAVIS WELLS, Individually and in his Official Capacity a/k/a Travis Wells; OFFICER FNU PALMER, Individually and in his Official Capacity; and OFFICER MANNY HERNANDEZ, Individually and in his Official Capacity.

            Defendants.

## MEMORANDUM OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, AND DENYING THE PLAINTIFFS' MOTION TO STAY (DOC. 134) AND MOTION TO SET ASIDE ORDER TO SHOW CAUSE (DOC. 135).

**THIS MATTER** comes before the Court on the Magistrate Judge's Report and Recommendation, filed March 10, 2011 (Doc. 133)("R&R"). The R&R recommends that the Court grant the Defendants' Motion to Dismiss Plaintiffs' Amended Complaint (Doc. 105) Pursuant to Rule 12(b)(6), filed August 19, 2010 (Doc. 106). The R&R notifies the Plaintiffs of their ability to file objections and that failure to do so within the required time frame waives appellate review. See R&R at 54. To date, neither the Plaintiffs nor the Defendants have filed any objections, and the record establishes that the R&R was delivered to the Plaintiffs.

Apparently in response to the R&R, however, the Plaintiffs recently filed -- on March 24, 2011, two business days before the objections deadline -- two motions relevant to the R&R. In the first motion, the Plaintiffs seek a "stay of review" of the R&R "pending completion of briefing on Plaintiffs' Motion for Partial Summary Judgment." Motion for Stay of Review and Deadlines on Report and Recommendation Doc. 133, filed March 24, 2011 (Doc. 134). Presumably, the Plaintiffs also seek a stay of review of the R&R pending the Court's review of the Plaintiffs' Motion for Summary Judgment. In the alternative, the Plaintiffs request an unspecified extension of time to file

objections. Motion for Stay of Review and Deadlines on Report and Recommendation Doc. 133, at 2. The Plaintiffs offer no explanation or argument for their position that it would be proper to stay review of a fully briefed and Magistrate Judge-reviewed motion to dismiss pending review of a competing motion for summary judgment for which briefing is currently stayed. Moreover, the Plaintiffs' Motion for Stay of Review and Deadlines on Report and Recommendation Doc. 133 "omits recitation of a good-faith request for concurrence" from opposing counsel as the Local Rules requires. D.N.M.LR-Civ. 7.1(a). Indeed, the Plaintiffs do not supply the Court with any reason for their alternative request for an extension of the objections deadline.

In one motion, the Plaintiffs request that the Court lift the stay on the briefing schedule for the Plaintiffs' Motion for Partial Summary Judgment, filed March 24, 2011 (Doc. 135). With respect to the Plaintiffs' Motion for Partial Summary Judgment, the Plaintiffs have filed their motion to lift the stay on the briefs on the Plaintiffs's Motion for Summary Judgment, filed January 11, 2011 (Doc. 129), but the Court stayed further briefing before the filing of Defendants' Response. See Order to Show Cause, filed January 12, 2011 (Doc. 130). The Plaintiffs offer no argument or reasons why the stay of briefing should be lifted at this time. Id.

Consequently, the Court will deny both motions. The Plaintiffs' motions do not present a sound basis in the law or in the facts of this case -- sound or otherwise -- for the Court to grant them. See D.N.M.LR-Civ. 7.1(a)("A motion must be in writing and state with particularity the grounds and the relief sought."). Accordingly, the Court will deny both motions, because the Plaintiffs do not tell the Court why it should grant their motion.

Neither party filed objections to the R&R. "'The filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute.'" United States v. One Parcel of Real Property, With Buildings,

-3-

Appurtenances, Improvements, and Contents, Known as: 2121 East 30th Street, Tulsa, Oklahoma, 73 F.3d 1057, 1059 (10th Cir. 1996)("One Parcel")(quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)). As the United States Court of Appeals for the Tenth Circuit has noted, "the filing of objections advances the interests that underlie the Magistrate's Act, including judicial efficiency." One Parcel, 73 F.3d at 1059 (citing Niehaus v. Kansas Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir. 1986); United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)). Because neither party makes objections to the Report and Recommendation, they do not "preserve an issue for de novo review by the district court or for appellate review." One Parcel, 73 F.3d at 1060.

The Plaintiffs have waived the right to review. On the other hand, as the Court set forth in detail in an earlier opinion in this case, see Memorandum Opinion and Order, filed March 30, 2011 (Doc. 136), the Court may review an R&R when a party has not objected "when the interests of justice so dictate." One Parcel, 73 F.3d at 1060. The Court has carefully reviewed the R&R as well as the briefing on the motions to dismiss, and the Court does not believe the interests of justice counsel that the Court should to any significant extent set the R&R aside.

The Court has carefully reviewed the procedural history of this case. The Plaintiffs have had multiple opportunities to set forth factual allegations that satisfy the Supreme Court of the United States requirements under Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009). While the Court might have been more liberal in reviewing some areas of the Plaintiffs' pleading, and allowed some factual claims to proceed or another opportunity to amend, the Court cannot say that the interests of justice demand more leaning over backwards for the Plaintiffs by the Court at the Defendants' expense. The Court cannot say that the Magistrate Judge acted contrary to law, arbitrarily, or capriciously in his review of the Plaintiffs' amended pleading.

There is one area, however, that the Court believes the interests of justice counsels the Court not to adopt the R&R.  The Defendants removed this case (or cases) from the state court.  Now that the Court has dismissed the federal claims, there is not reason to keep the case in the federal court, but the Court need not dismiss the state claims.  The Court believes that it is in the interests of justice to remand the case, minus the federal claims, to the state court.  That was where the Plaintiffs' choice of forum, and they should be able to return there to litigate the state claims.  See McWilliams v. Jefferson County, 463 F.3d 1113, 1118 (10th Cir. 2006)("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine -- judicial economy, convenience, fairness, and comity -- will point toward declining to exercise jurisdiction over the remaining state-law claims." (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7, 357 (1988)).  "[A] district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate." Carnegie-Mellon Univ. v. Cohill, 484 U.S. at 357.

**IT IS ORDERED** that the Magistrate Judge's Report and Recommendation, filed March 10, 2011 (Doc. 133) is adopted in part Plaintiffs' federal claims are case is dismissed with prejudice, and the remaining state claims and the case are remanded to the First Judicial District Court, County of Santa Fe, State of New Mexico.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Augustine M. Rodriguez , Jr
Albuquerque, New Mexico

    *Attorney for the Plaintiffs*

Matthew P. Holt
Damian L. Martinez
Holt Babington Mynatt P.C.

> *Attorneys for the Plaintiff*s *Dona Ana County Commissioners; Dona Ana County Sheriff's Office, Chuck Franco, Todd Garrison, Michelle Ugalde, Officer Fnu Rubio, Fnu Herdia, Joe Jacques, Heather Ferguson, Unknown Animal Control Officers, Dona Ana County, Officer Robyn Gojkovich, Officer Linda Maldonado, Officer Mary Lou Ward, Officer Paul Richardson, Officer Curtis Childress, Officer Travis Wells, Officer Fnu Palmer, and Officer Manny Hernandez*

Sean Olivas
Keleher & McLeod PA
Albuquerque, New Mexico

> *Attorneys for Gary King, Susan Riedel, Amy Orlando, Susana Martinez, Richard Silva, Olivia Nevarez-Garcia, and Joseph Guillory*

Duane A. Baker
El Paso, Texas

-- and --

Mario A. Esparza
Las Cruces, New Mexico

> *Attorneys for Defendant Steve Schmidt*